IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MICKEY D. MALDONADO and | § | |
| MELVIN J. ASKEW | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| ARRIOLA TRANSPORT, INC. and | § | |
| JOSE R. JUAREZ, and | § | |
| LOGGINS LOGISTICS, INC.; and | § | |
| JOHN W. LEHR, | § | |
| *Defendants* | § | |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, MICKEY D. MALDONALDO and MELVIN J. ASKEW, (hereinafter referred to as "PLAINTIFFS"), and files this their Original Complaint complaining of ARRIOLA TRANSPORT, INC., (hereinafter referred to as "Defendant") and JOSE R. JUAREZ (hereinafter referred to as "DEFENDANT"), and LOGGINS LOGISTICS, INC. (hereinafter referred to as "Defendant") and JOHN W. LEHR (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto the Court as follows:

I.
Jurisdiction and Venue

(1) This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(a) and (c), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.  The Plaintiffs are citizens of the State of Texas. The Defendant, ARRIOLA TRANSPORT, INC., is a foreign corporation, organized and formed

in the State of California, is not a citizen of Texas and its principle office is in the State of California.  Defendant, JOSE R. JUAREZ, is not a citizen of Texas and is a citizen of the State of Arizona.  Defendant, LOGGINS LOGISTICS, INC. is a foreign corporation, organized and formed in the State of Arkansas, is not a citizen of Texas and its principle office is in the State of Arkansas.  Defendant, JOHN W. LEHR, is not a citizen of Texas and is a citizen of the State of Oklahoma.

(2)     Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(b), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## Parties

(3)     The Plaintiff, MICKEY D. MALDONADO, is a resident of Hopkins County, Texas.

(4)     The Plaintiff, MELVIN J. ASKEW, is a resident of Hopkins County, Texas.

(5)     The Defendant, ARRIOLA TRANSPORT, INC., is a foreign corporation organized and existing under the laws of California and maintains its principal place of business in California. Defendant is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to its registered agent, JOSE RAUL ARRIOLA, 11983 MISSION STREET, OAK HILLS, CA 92344 via certified mail, return receipt requested.

(6)     Defendant, JOSE R. JUAREZ**,** is an individual residing at 1450 Purple Sage Drive Chino Valley, Arizona 86232 and at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.041 et sec. of the Tex. Civ. Prac. & Rem. Code.  Defendant, JOSE R. JUAREZ, may be served with process by serving him pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to JOSE R. JUAREZ, 1450 Purple Sage Drive, Chino Valley, Arizona 86232 via certified mail, return receipt requested.

(7)     The Defendant, LOGGINS LOGISTICS, INC., is a foreign corporation organized and existing under the laws of Arkansas and maintains its principal place of business in Arkansas. Defendant is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to its registered agent, JEFF LOGGINS, 5706 COMMERCE SQUARE, JONESBORO, ARIZONA 72401 via certified mail, return receipt requested.

(8)     Defendant, JOHN W. LEHR**,** is an individual residing at 12101 SW 89TH # 3131, Oklahoma City, Oklahoma 73159 and at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.041 et sec. of the Tex. Civ. Prac. & Rem. Code.  Defendant, JOHN W. LEHR, may be served with process by serving him pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of

State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to JOHN W. LEHR, 12101 SW 89TH # 3131, Oklahoma City, Oklahoma 73159 via certified mail, return receipt requested.

### III.
### Factual Allegations

(9) On or about September 26, 2019, Plaintiffs, MICKEY D. MALDONADO and MELVIN J. ASKEW, were positioned on or near on the shoulder of Interstate Highway 30 in Morris County, Texas. Defendant, JOSE R. JUAREZ, while traveling Westbound on Interstate Highway 30 was operating a 2013 Freightliner Cascadia 125 bearing VIN 1FUJGLDRXDSBA4281 and bearing Arizona License Plate AG45149. Defendant, JOSE R. JUAREZ made an unsafe lane change from the right hand travel lane (or outside lane) to the left hand travel lane (or inside lane) and struck a 2020 Red Freightliner Cascadia 125 bearing VIN 3AKJHHDR5LSLU4329 and bearing Arkansas License Plate K806132 that was being operated by Defendant, JOHN W. LEHR in the left hand lane of westbound Interstate Highway 30. Defendant, JOHN W. LEHR, lost control of his tractor trailer and struck a vehicle legally parked in the right shoulder of the Westbound lanes of Interstate Highway 30. Plaintiffs were injured in the resulting collision and/or while attempting to avoid being crushed by the vehicles. Defendant, JOSE R. JUAREZ fled the scene of the accident.

(10) At the time of the collision in question, the Defendant, JOSE R. JUAREZ, was driving with permission, in the course and scope of his employment with his employer, Defendant, ARRIOLA TRANSPORT INC. Further, at the time of the collision in question, the Defendant,

JOHN W. LEHR, was driving with permission, in the course and scope of his employment with his employer, Defendant, LOGGINS LOGISTICS INC.

(11)    Due to the acts of the Defendant drivers, including but not limited to driver in-attention, failing to maintain a safe distance between Defendants drivers' vehicle and other vehicles on the roadway, traveling at an excess rate of speed, changing lanes when it was unsafe to do so, losing control of the Defendants vehicle, and failure to maintain a proper lookout, Plaintiffs sustained severe permanent and disabling injuries.

(12)    At all times relevant to this lawsuit, Defendants, JOSE R. JUAREZ and JUAN W. LEHR, were operating "commercial motor vehicles" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

(13)    At all times relevant to this lawsuit, Defendants, ARRIOLA TRANSPORT INC., and LOGGINS LOGISTICS, INC. were "motor carriers" as per 49 C.F.R. parts 383, 387, and 390-399.

(14)    At all times relevant to this lawsuit, Defendants, ARRIOLA TRANSPORT INC., and LOGGINS LOGISTICS, INC. were "motor carriers" as defined by 49 U.S.C. §13102(14).

(15)    At all times relevant to this lawsuit, Defendants, ARRIOLA TRANSPORT INC., and LOGGINS LOGISTICS, INC. were "employers" as defined by 49 C.F.R. §390.5.

(16)    At all times relevant to this lawsuit, Defendant, JOSE R. JUAREZ was an "employee" of Defendant, ARRIOLA TRANSPORT INC., as per 49 C.F.R. §390.5.

(17)    At all times relevant to this lawsuit, Defendant, JOHN W. LEHR was an "employee" of Defendant, LOGGINS LOGISTICS, INC. as per 49 C.F.R. §390.5.

(18)    Further, at the time the accident made the basis of this lawsuit and at all times material hereto, Defendant, JOSE R. JUAREZ, was an employee of Defendant, ARRIOLA

TRANSPORT INC., and operating a commercial motor vehicle on behalf of Defendant, ARRIOLA TRANSPORT INC., under and by the authority of Defendant, ARRIOLA TRANSPORT INC., pursuant to Defendant, ARRIOLA TRANSPORT INC.'s, Federal DOT Number 02121261.

(19)    Further, at the time the accident made the basis of this lawsuit and at all times material hereto, Defendant, JOHN W. LEHR, was an employee of Defendant, LOGGINS LOGISTICS, INC., and operating a commercial motor vehicle on behalf of Defendant, LOGGINS LOGISTICS, INC., under and by the authority of Defendant, LOGGINS LOGISTICS, INC., pursuant to Defendant, LOGGINS LOGISTICS, INC.'s, Federal DOT Number 00687249.

## IV.
### Cause of Action:  Defendants JOSE R. JUAREZ and JOHN W. LEHR

(20)    Plaintiffs incorporate by reference paragraphs 1 through 19 above.

(21)    Plaintiffs allege that Defendant, JOSE R. JUAREZ, through his acts and omissions, was negligent, and such negligence was a proximate cause of the injuries in questions. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of Defendants:

    a. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;

    b. In failing to apply his brakes as would have done by a person exercising ordinary care and prudence under the same or similar circumstances;

c. In traveling at an excessive rate of speed as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

d. In failing to maintain a safe distance between Defendants' vehicle and other vehicles on the roadway as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances in attempting to pass when it was unsafe to do so.

e. In speeding above the posted speed limit when a reasonable and prudent person exercising ordinary care and prudence under the same or similar circumstances would not have.

f. In failing to drive within a single lane of traffic.

g. In making an unsafe lane change.

h. In failing to control the speed of his vehicle.

i. Defendant was negligent in other respects.

(22)    Plaintiffs allege that Defendant, JOHN W. LEHR, through his acts and omissions, was negligent, and such negligence was a proximate cause of the injuries in questions. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of Defendants:

a. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;

b. In failing to apply his brakes as would have done by a person exercising ordinary care and prudence under the same or similar circumstances;

 c. In traveling at an excessive rate of speed as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

 d. In failing to maintain a safe distance between Defendants' vehicle and other vehicles on the roadway as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances in attempting to pass when it was unsafe to do so.

 e. In speeding above the posted speed limit when a reasonable and prudent person exercising ordinary care and prudence under the same or similar circumstances would not have.

 f. In failing to drive within a single lane of traffic.

 g. In making an unsafe lane change.

 h. In failing to maintain control of his vehicle.

 i. In taking faulty evasive action.

 j. Defendants were negligent in other respects.

(23) Defendants, JOSE R. JUAREZ's and JOHN W. LEHR's acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se. In this regard, Defendants, JOSE R. JUAREZ and JOHN W. LEHR, violated the standards of conduct set forth in Tex. Trans. Code §545,060 (a), 545.351(a), (b) and (c) and 545.352, 545.062, 545.103 and 545.362 and 49 C.F.R. §392.2. Plaintiff further states that the Defendants, JOSE R. JUAREZ's and JOHN W. LEHR's acts and/or omissions which

constituted negligence per se was a proximate cause of the accident and the injuries in question. [1]

## V.
## Cause of Action:  Defendants ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC.

(24)   Plaintiffs incorporates by reference paragraphs 1 through 23 above.

(25)   Plaintiffs would further show that at the time of the accident made the basis of this lawsuit, Defendant, JOSE R. JUAREZ, was an employee of Defendants, ARRIOLA TRANSPORT INC. and Defendant, JOHN W. LEHR, was an employee of LOGGINS LOGISTICS, INC.  and was acting within the course and scope of their employment for Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC. and in the furtherance of the business interest and pursuits of said Defendants.  In this regard, Plaintiffs hereby invoke the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of Defendants, JOSE R. JUAREZ and JOHN W. LEHR are imputed to Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC. and Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC. are vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

(26)   Plaintiffs would further show that at the time the accident made the basis of this lawsuit occurred, Defendants, JOSE R. JUAREZ, was, and is considered a statutory employee of Defendants, ARRIOLA TRANSPORT INC. and Defendant, JOHN W. LEHR, was considered a statutory employee of LOGGINS LOGISTICS, INC., pursuant to Title 49 §14102 of the

---

[1] Plaintiff asserts that in the event any of these allegations and statutes plead do not constitute negligence per se under Federal law, said statutes are being plead for the purpose of setting out the standard of care which the Defendant at all times material hereto,  was required to adhere to and a violation of same would have constituted negligence under common law.

United States Code and also per 49 C.F.R. §390.5 and contends that Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC. are vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

(27)   Plaintiffs would further show that prior to the time the collision occurred, Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC. were the owners and were in possession, custody and control of the truck tractor driven by Defendants, JOSE R. JUAREZ and JOHN W. LEHR, respectively, on the date of the accident made the basis of this lawsuit.  On or about September 26, 2019, Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC., directed Defendants, JOSE R. JUAREZ and JOHN W. LEHR, respectively, to use the vehicle in question for the purposes of operating it on the public streets and highways of Texas and, therefore, Defendants, JOSE R. JUAREZ and JOHN W. LEHR, operated said vehicle with the knowledge, consent and permission of Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC.

(28)   Plaintiffs would further show that Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC. were the owners of the vehicles that was being driven by Defendants, JOSE R. JUAREZ and JOHN W. LEHR, at the time of the accident made the basis of this lawsuit.  Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC. were negligent in entrusting their vehicles to Defendants, JOSE R. JUAREZ and JOHN W. LEHR, who were careless, incompetent and reckless drivers.  Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC. knew or should have known that Defendants, JOSE R. JUAREZ and JOHN W. LEHR, were careless, incompetent and reckless drivers.  Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC. were negligent in entrusting the vehicle to its employees, Defendants, JOSE R. JUAREZ and JOHN W. LEHR, respectively,

which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiffs.

(29) Plaintiffs further alleges that Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC. through their acts and/or omissions, were negligent, and such negligence was a proximate cause of the accident and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC.:

    a. In hiring and/or retaining its employee driver;

    b. In allowing its employee to drive the vehicle in question; and

    c. In failing to instruct, supervise, and control its employee driver.

(30) Plaintiffs further allege that Defendants, ARRIOLA TRANSPORT INC. and LOGGINS LOGISTICS, INC. by and through their acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiffs alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiffs. Plaintiffs further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiffs. Plaintiffs further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiffs. Plaintiffs further alleges that the Defendants had actual subjective awareness of

the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs. In this regard, Plaintiffs therefore seeks punitive and/or exemplary damages.

## VI.
## Damages

(31)    Plaintiff, MICKEY D. MALDONALDO, damages include past, and probable future loss, which includes:

    a. Pain and mental anguish;

    b. Physical and mental impairment

    c. Disfigurement;

    d. Loss of Wages;

    e. Loss of Wage Earning Capacity; and

    f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(32)    Plaintiff, MELVIN J. ASKEW, damages include past, and probable future loss, which includes:

    a.   Pain and mental anguish;

    b.   Physical and mental impairment

    c.   Disfigurement;

    d.   Loss of Wages;

    e.   Loss of Wage Earning Capacity; and

    f.    Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(33)    Plaintiffs respectfully requests a trial by jury on all issues.

(34)    Plaintiffs seek judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

s/*Jimmy M. Negem*
Jimmy M. Negem
State Bar No. 14865500
Joe M. Worthington
State Bar No. 22009950
Negem & Worthington
1828 E SE Loop 323
Suite R – 1A
Tyler, Texas 75701
Tyler, Texas  75702
903.595.4466 (telephone)
903.593.3266 (facsimile)
Jimmy@Negemlaw.com

Daniel Roper
Texas Bar No. 24070527
Bryan White
Texas Bar No. 24081206
Roper & White, P.C.
P.O. Box 1430
Sulphur Springs, Texas 75483
Tel. (903) 885-1155
Daniel@RoperWhite.com

ATTORNEYS FOR PLAINTIFF